```
              UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
                    WESTERN DIVISION
```

MARY LOUISE SESSIONS OAKES,                           PLAINTIFF
ADMINISTRATRIX OF THE ESTATE
OF ODESS SESSIONS

VERSUS                          CIVIL ACTION NO. 5:06cv164-DCB-JMR

NATIONAL HERITAGE REALTY, INC.
d/b/a YAZOO CITY HEALTH AND
REHABILITATION CENTER; MARINER
HEALTH CARE MANAGEMENT COMPANY;
MARINER HEALTH CARE, INC.; and
JOHN DOES 1-20                                        DEFENDANTS


## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the defendants' Motion for Summary Judgment on Plaintiff's Punitive Damage Claims **[docket entry no. 26]** and Motion for Partial Summary Judgment **[docket entry no. 21]**. Having reviewed the Motions, memoranda, applicable statutory and case law, and being otherwise fully advised as to the premises, the Court finds and orders as follows:

### I. FACTS AND PROCEDURAL HISTORY

On July 27, 2002, the original complaint in this action was filed against the defendants in the Circuit Court of Yazoo County, Mississippi on behalf of then-living Odess Sessions, wherein claims for negligence and gross negligence are pled. (Compl. 3-5.) As factual support for these claims, the plaintiff alleges that Sessions had (while a resident at the Yazoo City Health and Rehabilitation Center): slipped on an unmarked wet floor in his room and broke his hip, which caused him to be permanently confined

to a wheelchair; acquired numerous bedsores on his body due to the neglect of staff charged with his care; and, while not properly monitored, caught his clothes on fire and sustained significant burns to his body which mandated hospitalization and eventual amputation of a leg.  (Compl. 3.)  The plaintiff avers that, in addition to these bodily injuries, the defendants proximately caused Sessions's past and future pain, suffering, mental anguish, and sundry medical expenses.  (Compl. 5.)  The plaintiff seeks redress in the form of compensatory and punitive damages from the defendants for their purported acts and omissions.  (Compl. 5.)

   The defendants removed the action to this Court on November, 11, 2006, on the basis of diversity of citizenship jurisdiction.  On June 12, 2007, the defendants filed their Motion for Partial Summary Judgment as to the maximum amount of non-economic damages the plaintiff may collect under the Mississippi statute in effect at the time the complaint was filed.  On July 23, 2007, the defendants brought a Motion for Summary Judgment on Plaintiff's Punitive Damage Claims.  These Motions are now before the Court.

## II. SUMMARY JUDGMENT STANDARD

   Summary judgment is apposite "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law." Fed. R. Civ. P. 56(c).[1] The party moving for summary judgment bears the initial responsibility of apprising the district court of the basis for its motion and the parts of the record which indicate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

"Once the moving party presents the district court with a properly supported summary judgment motion, the burden shifts to the nonmoving party to show that summary judgment is inappropriate." Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). But the nonmovant must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Moreover, "[t]he mere existence of a scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment." Anderson, 477 U.S. at 252. The nonmovant must instead come forward with "specific facts showing that there is a genuine

---

[1] "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." Ginsberg 1985 Real Estate Partnership v. Cadle Co., 39 F.3d 528, 531 (5th Cir. 1994) (internal citations omitted).

issue for trial." Fed. R. Civ. P. 56(e). Summary judgment is properly rendered when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322.

### III. ANALYSIS

*A. The Defendants' Motion for Summary Judgment on Plaintiff's Punitive Damage Claims*

In this Motion, the defendants assert that the plaintiff's claims for punitive damages are precluded by the operation of the defendants' confirmed Chapter 11 Reorganization Plan, which discharged all administrative expense[2] causes of action alleging punitive damages. (Defs.' Mot. Summ. Judg. Pl.'s Pun. Dam. Clms. ¶¶ 1-2, 5-6.) The defendants state that because the plaintiff's claims for punitive damages "arose during the administrative expense period of Defendants' Chapter 11 bankruptcy," they are entitled to a judgment as a matter of law on such claims. (Defs.' Mot. Summ. Judg. Pl.'s Pun. Dam. Clms. ¶ 8.)

The plaintiff, in response, "admits that the Defendants are entitled as a matter of law to partial summary judgment dismissing Plaintiff's claim for punitive damages." (Pl.'s Resp. Defs.' Mot.

---

[2] The reorganization plan defined "administrative expenses" as "[a]ny alleged action or inaction on Debtors' part occurring between the day after the petition date [January 19, 2000] and the effective date of the Debtors' Chapter 11 bankruptcy [May 13, 2002]." (Defs.' Mot. Summ. Judg. Pl.'s Pun. Dam. Clms. Ex. 3.)

4

Summ. Judg. Pl.'s Pun. Dam. Clms. 2.)   Because the plaintiff confesses that summary judgment is appropriate for the defendants on this issue, the Court finds the defendants' Motion to be well-taken.

*B. The Defendants' Motion for Partial Summary Judgment*

In this Motion, the defendants assert that "all non-economic damages in this case are limited to the sum of $500,000[]" by the command of Mississippi Code Annotated § 11-1-60 (effective date October 8, 2002).  (Defs.' Mot. Part. Summ. Judg. ¶ 3.)  While recognizing that the statute does not impose a limitation upon claims for disfigurement or actual damages, the defendants posit that "[t]here is no basis for a claim of disfigurement in this case[.]" (Defs.' Mot. Part. Summ. Judg. ¶ 4.)  The defendants point out that "the only economic damages which the plaintiff can claim in this case is the claim for actual medical bills incurred as the plaintiff has made no claim for loss of wages or future economic damages."  (Defs.' Mot. Part. Summ. Judg. ¶ 5.)  Therefore, the defendants urge the Court that the plaintiff is limited to a recovery of  $500,000.00 in non-economic damages (in addition to whatever medical expenses were incurred) and believe they are entitled to a judgment as a matter of law to that effect.  (Defs.' Mot. Part. Summ. Judg. ¶ 4.)

In response[3], the plaintiff admits that "the only economic damages claimed by the Plaintiffs are for medical bills incurred by Odess Sessions." (Pl.'s Resp. Defs.' Mot. Part. Summ. Judg. ¶ 5.) The plaintiff also agrees that the applicable statute generally limits non-economic damages in this case to $500,000.00, but (like the defendants) points out that the limitation is inapplicable to claims for disfigurement. (Pl.'s Resp. Defs.' Mot. Part. Summ. Judg. ¶¶ 3-4.) Unlike the defendants, however, the plaintiff thinks that there is indeed a basis for a claim for disfigurement in this action and that partial summary judgment is inappropriate due to the fact that a jury could reasonably find that Odess Sessions was disfigured by the lacerations, fractures, burns, skin ulcers, and leg amputation which he purportedly suffered due to the acts and omissions of the defendants. (Pl.'s Resp. Defs.' Mot. Part. Summ. Judg. ¶ 4.)

In support of this argument, the plaintiff submits the affidavit of Erane Trenier Allen, MPA, RN, CDONA, CNHA (plaintiff's nursing expert). In her affidavit (following a review of Sessions's medical files), Ms. Allen opines that

> [t]he substandard care discussed herein directly and proximately caused and contributed to Mr. Session's conditions

---

[3] The plaintiff also asserts in the Response and Memorandum Brief that the applicable law does not limit recovery for punitive damages. However, because the plaintiff conceded that the defendants are entitled to summary judgment on the punitive damage claims, see supra Part III.A, this argument is now moot.

>documented in the medical records, including, but not limited to, that he suffered from falls with lacerations and fractures, second and third degree burns, infected skin ulcers, depression, and required an Above the Knee Amputation of his right leg . . . .

(Pl.'s Resp. Defs.' Mot. Part. Summ. Judg. Ex. B at 8.)

1. Applicable Law

As is the case here, a federal court sitting in diversity is obligated to apply state substantive law. <u>Times-Picayune Pub. Corp. v. Zurich Am. Ins. Co.</u>, 421 F.3d 328, 334 (5th Cir. 2005) (citing <u>Erie R.R. Co. v. Tompkins</u>, 304 U.S. 64 (1938)).[4] At the time the complaint in this case was filed, Mississippi Code Annotated § 11-1-60(2)(a)(i) reads as follows:

>In any action for injury based on malpractice or breach of standard of care against a provider of health care, including institutions for the aged or infirm, in the event the trier of fact finds the defendant liable, they shall not award the plaintiff more than the following for noneconomic damages:
>   (i) For claims for causes of action filed on or after passage of House Bill No. 2, 3rd Extraordinary Session 2002, but before July 1, 2011, the sum of Five Hundred Thousand Dollars ($500,000.00)[.]

The term "noneconomic damages" is defined in the same statute in the following way:

>"Noneconomic damages" means subjective, nonpecuniary damages arising from death, pain,

---

[4] The parties do not dispute that the substantive law of Mississippi governs this matter.

>    suffering, inconvenience, mental anguish,
>    worry, emotional distress, loss of society and
>    companionship, loss of consortium, bystander
>    injury, physical impairment, injury to
>    reputation, humiliation, embarrassment, loss
>    of the enjoyment of life, hedonic damages,
>    other nonpecuniary damages, and any other
>    theory of damages such as fear of loss,
>    illness or injury. <u>The term "noneconomic
>    damages" shall not include damages for
>    disfigurement</u>, nor does it include punitive or
>    exemplary damages.

Miss. Code Ann. § 11-1-60(1)(a) (emphasis added).

2. Application of Law to the Defendants' Motion

It is clear that the above statute places no limitation on the plaintiff's ability to recover for damages related to the disfigurement (if any) of Odess Sessions. The issue presented is whether a genuine issue of material fact exists as to whether Sessions suffered disfigurement as a result of the defendants' alleged acts and omissions.

When interpreting a statute in Mississippi, "[t]he language of [the] statute is controlling, and that language should be attributed a usual and ordinary meaning." <u>Ladner v. Necaise</u>, 771 So. 2d 353, 355 (Miss. 2000) (en banc); <u>accord</u> <u>PPG Architectural Finishes, Inc. v. Lowery</u>, 909 So. 2d 47, 50 (Miss. 2005).

In 1992, while interpreting the term "disfigure" (albeit in a different statute and context), the Supreme Court of Mississippi consulted a dictionary definition to supply the word's ordinary meaning: "The <u>Oxford American Dictionary</u> (1980) defines "disfigure" as 'to spoil the appearance of.'" <u>Ahmad v. State</u>, 603

8

So. 2d 843, 845 (Miss. 1992).  The Court went on to find that scars on a child's back constituted disfigurement.  Id.

Since the Ahmad case, the Supreme Court of Mississippi has mentioned other bodily conditions which fit under the label of disfigurement:  fractured pelvis and resultant limp, Holloman v. State, 656 So. 2d 1134, 1140 (Miss. 1995); loss of leg, General Motors Corp. v. Pegues, 738 So. 2d 746, 757 (Miss. 1999); loss of leg, Brewer v. Burdette, 768 So. 2d 920, 921 (Miss. 2000) (en banc) (abrogated on other grounds); loss of two front teeth, Scott Prather Trucking, Inc. v. Clay ex rel. Sanders, 821 So. 2d 819, 822 (Miss. 2002), and; multiple bruises, hair falling out in patches, cuts and scratches on face and body, Buffington v. State, 824 So. 2d 576, 581 (Miss. 2002).

In addition, Black's Law Dictionary (8th ed. 2004) defines "disfigurement" as "[a]n impairment or injury to the appearance of a person or thing."  The Oxford English Dictionary (2d ed. 1989) defines "disfigure" as "[t]o mar the figure or appearance of, destroy the beauty of; to deform, deface."

Informed by such authorities and sources, this Court is of the opinion that the injuries alleged in the complaint, considered in conjunction with the affidavit of the plaintiff's nursing expert (Erane Trenier Allen) and the materials upon which she relied, are, if proven, sufficient to permit a reasonable jury to conclude that Odess Sessions suffered "disfigurement" as that word is

contemplated by Mississippi Code Annotated § 11-1-60. Specifically, the Court concludes that lacerations, fractures, second and third degree burns, skin ulcers, and amputation of a leg could potentially "spoil the appearance of" a person's body. The determination of whether such injuries actually occurred and truly spoiled the appearance of Odess Sessions's body is reserved for the finder of fact. Therefore, the Court holds that a genuine issue of material fact exists in this case as to whether Odess Sessions suffered disfigurement as a result of the defendants' alleged acts and omissions. Consequently, the defendants' Motion urging that the plaintiff is limited to the sum of $500,000.00 in non-economic damages in this case is not well-taken.

### IV. CONCLUSION AND ORDER

Pursuant to the foregoing analysis,

**IT IS HEREBY ORDERED** that the defendants' Motion for Summary Judgment on Plaintiff's Punitive Damage Claims **[docket entry no. 26]** is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendants' Motion for Partial Summary Judgment **[docket entry no. 21]** is **DENIED**.

**SO ORDERED**, this the   25th   day of   September  , 2007.

                                              s/ David Bramlette   
                                         UNITED STATES DISTRICT JUDGE